**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

KAYTEE H. O.,*

Plaintiff, 3:25-cv-00870 (BKS/CBF)

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**Appearances:**

*For Plaintiff:*
Charles E. Binder
Law Office of Charles E. Binder and Harry J. Binder, LLP
485 Madison Avenue, Suite 501
New York, New York 10022

*For Defendant:*
Office of the United States Attorney
Fergus Kaiser
Special Assistant United States Attorney
Office of Program Litigation, Office 2
Office of the General Counsel
Social Security Administration
6401 Security Boulevard
Baltimore, Maryland 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Kaytee H.O. brings this action under 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security denying her application for supplemental social security income and child disability benefits. (Dkt. No. 1). Pursuant to Local Rule 72.3(e), the

---

* In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

Court referred this matter to U.S. Magistrate Judge Carla B. Freedman, who on June 24, 2026 issued a Report-Recommendation recommending that this Court affirm the Commissioner's decision. (Dkt. No. 12). Plaintiff timely objected to the Report-Recommendation, and the Commissioner responded. (Dkt. Nos. 13, 14). For the reasons that follow, the Commissioner's decision is vacated, and the matter is remanded for further proceedings.[1]

## II. ALJ's DECISION

Plaintiff, who was 22 at the time of the ALJ's decision in this matter, sought disability benefits due to mental health impairments. (R. 15–18). Plaintiff has a ninth grade education and no past relevant work. (R. 36, 39). Plaintiff alleged disability due to the following severe impairments: "major depressive disorder, unspecified anxiety disorder, and obsessive-compulsive disorder." (R. 18). In finding Plaintiff was not disabled, the ALJ evaluated, inter alia, the medical evidence and relied on the testimony of a vocational expert ("VE"). (R. 15–28). The following is a brief review of this evidence and the ALJ's analysis.

### A. Opinion Evidence

Amanda Slowik, Psy.D., a psychiatric consultative examiner, opined that Plaintiff had a mild limitation in her ability to understand, remember, or apply simple directions, a moderate limitation in her ability to understand, remember, or apply complex directions and instructions, to interact adequately with supervisors, coworkers, and the public, and to sustain concentration and perform a task at a consistent pace, and moderately to markedly limited in her ability to sustain ordinary routine and regulate emotions. (R. 400). The ALJ found Slowik's opinion "persuasive" as it was "consistent with the evidence in the record, supported with an examination

[1] Throughout this decision, the Court cites the administrative record, (Dkt. No. 6), using "R." and referring to the Bates-number pagination reflected therein; citations to the parties' submissions refer to the pagination generated by CM/ECF.

. . . and explanation," and "the examiner has Social Security disability program knowledge." (R.24).

James Ellis, Ph.D.,[2] performed a psychiatric evaluation of Plaintiff at the request of her attorney. (R. 448). Ellis opined that Plaintiff was moderately to markedly limited in maintaining attention and concentration for extended periods, and interacting appropriately with the public, had marked limitations in performing activities within a schedule and consistently being punctual, sustaining an ordinary routine without supervision, completing a workday without interruptions from psychological symptoms, and making plans independently, and that Plaintiff "would be absent more than three times per month." (R. 460–61). The ALJ found this opinion "somewhat persuasive," but that the record did "not support the level of limitation in concentration and persistence," and explained that Plaintiff "said she is also able to prepare meals, watch TV, play games, manage funds, and use the internet, activities which would presumably require the ability to concentrate persist, or maintain pace" and that psychiatric examiner Sara Long noted Plaintiff's "attention and concentration . . . to be normal and intact." (R. 25–26).

Jacqueline Ponticiello,[3] NP, Plaintiff's treating nurse practitioner, opined that Plaintiff was (1) moderately limited in understanding and remembering one-to-two step instructions; carrying out simple, one-to-two step instructions, and making simple work-related decisions, (2) was moderately to markedly limited in remembering locations and work-like procedures, understanding and remembering, carrying out detailed instructions, sustaining an ordinary

---

[2] The psychiatric evaluation lists the provider as Megan Clapp, Ph.D. and the evaluation is signed by Clapp and Ellis, but as the ALJ solely refers to Ellis, the Court follows suit. (R. 448, R. 455, R. 25).

[3] Ponticiello is spelled Ponticello in the ALJ's decision, (R. 25), and Ponticiello in Ponticiello's treatment notes, (R. 420). The Court utilizes Ponticiello.

routine without supervision, performing at a consistent pace without rest periods of unreasonable length or frequency, asking simple questions or requesting assistance, getting along with coworkers or peers without distracting them, maintaining socially appropriate behavior, responding appropriately to workplace changes, setting realistic goals, and making plans independently, and (3) was markedly limited in maintaining attention and concentration for extended periods, performing activities within a schedule and consistently be punctual, working in coordination with or near others without being distracted by them, completing a workday without interruptions from psychological symptoms, interacting appropriately with the public, and accepting instructions and responding appropriately to criticism from supervisors, (R. 549–53). The ALJ found Ponticiello's opinion "somewhat persuasive" but that the record did not "support marked limitations in concentration and persistence"[4] for the same reasons the ALJ found Ellis' opinion regarding Plaintiff's concentration and persistence was not supported. (R. 26). The ALJ also found Ponticiello's findings of marked limitations in social interaction,[5] were not supported by the record in light of Plaintiff's statements that she was "able to get along with others, shop, deal appropriately with authority, and live with others," and that the medical evidence showed that Plaintiff "had a good rapport with providers and was described as pleasant and cooperative." (R. 26).

### B. Vocational Expert Testimony

At the hearing, the ALJ asked the VE to assume "a person of the claimant's age, education, and work experience, who is able to perform across all exertional levels," who should

[4] The areas of "concentration and persistence" where Ponticiello found marked limitations were: "maintain attention and concentration for extended periods," "perform activities within a schedule and be punctual," "work in coordination with others without being a distraction," and "complete a work day without interruptions from psychological symptoms." (R. 552).

[5] The areas of "social interactions" where Ponticiello found marked limitations were: "interact appropriately with the public," and "accept instructions and respond appropriately to criticism from supervisors." (R. 552).

only have "occasional interaction with coworkers and supervisors, and only incidental interaction with the public, [i.e.,] less than occasional, but [who] does not require isolation from the public, and who "should work in a low-stress job, defined as only occasional decision-making, changes in the work setting, and judgment required on the job." (R. 53). The ALJ then asked the VE whether there would be "jobs in the national economy" that "an individual with these vocational functions and limitations," "could perform?" (R. 53). The VE replied "Yes," that such an individual could perform work as a "packer," "kitchen helper" and "laundry attendant." (R. 53).

Plaintiff's attorney asked the VE whether a claimant who, in addition to the ALJ's hypothetical, had either a moderate to marked limitation in sustaining ordinary routine without supervision" or a moderate to marked limitation in sustaining an ordinary routine and regulating emotion would be precluded from working the three jobs that that the VE previously identified. (R. 54–55). The VE responded yes. (R. 54–55).

### C. RFC and Finding of Not Disabled

The ALJ assessed Plaintiff's RFC as follows:

> The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant's work is limited to simple, routine, and repetitive tasks. She can have occasional interaction with coworkers and supervisors, but only incidental interaction with the public defined as less than occasionally but does not require isolation from the public. The claimant can work in a low stress job defined as only occasional decision making, changes in the work setting, and judgment required on the job.

(R. 21). Citing the VE's testimony and the jobs identified, the ALJ concluded that Plaintiff was capable of working and that a finding of "not disabled" was "therefore appropriate." (R. 27).

## III. STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Nambiar v. Cent.*

*Orthopedic Grp., LLP*, 158 F.4th 349, 358–59 (2d Cir. 2025) (citing Fed. R. Civ. P. 72(b)); *see also* 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections "must be specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Although "[a] proper objection generally may not raise new arguments not previously made before the magistrate judge," the Second Circuit has abrogated prior cases—on which the Commissioner relies, (*see* Dkt. No. 14, at 2–3)—deeming de novo review unwarranted "where the objecting party relied on an argument already raised and rejected by the magistrate judge." *Nambiar*, 158 F.4th at 359–60. Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.* at 359.

## IV. REPORT-RECOMMENDATION

In her opening brief, Plaintiff argued: (1) that the ALJ erred in determining Plaintiff's RFC by failing to include several of the "limitations from the treating and examining mental health specialists despite his purported agreement with such findings"; (2) that the ALJ failed to properly evaluate the medical opinion evidence; and (3) that the ALJ erred in evaluating Plaintiff's subjective statements. (Dkt. No. 7, at 11–24). The Commissioner opposed Plaintiff's arguments. (*See generally* Dkt. No. 9).

Magistrate Judge Freedman found, as an initial matter, that "Plaintiff ha[d] not identified any specific limitations the ALJ failed to include in his RFC determination" and "[i]nstead, . . . largely contested the ALJ's weighing of the evidence" and rejection of the more severe mental limitations in the medical opinions. (Dkt. No. 12, at 7–8). Magistrate Judge Fredman determined that the ALJ had adequately addressed the supportability and consistency factors in evaluating

the opinion evidence, and that substantial evidence supported the ALJ's conclusion that the more severe limitations Ellis and Ponticiello had identified were not supported by the record. (*Id.* at 8–12). Magistrate Judge Freedman therefore concluded that while Plaintiff might "be able to point to opinion evidence supporting greater limitations that the ALJ's ultimate RFC determination," because the record contained "such relevant evidence as a reasonable mind might accept as adequate to support' the ALJ's determination and because the Court could glean the ALJ's reasoning discrediting the aforementioned opinion evidence," there was "no error in the ALJ's evaluation of medical opinion evidence and RFC determination." (*Id.* at 12).

Finally, Magistrate Judge Freedman rejected Plaintiff's argument that the ALJ erred in finding Plaintiff's subjective reports of disabling symptoms were not consistent with the medical evidence. (*Id.* at 13). Magistrate Judge Freedman explained that the ALJ was entitled to rely on statements that Plaintiff's symptoms were effectively managed with conservative treatment and on Plaintiff's activities of daily living in finding inconsistency. (*Id.* at 13–15). Magistrate Judge Freedman therefore recommended that the Commissioner's decision be affirmed. (*Id.* at 15).

## V. OBJECTIONS

As an initial matter, the parties have not raised any objections to the background or legal framework set forth in the Report-Recommendation. (*See* Dkt. No. 12, at 2–6). The Court therefore adopts its summary of the factual and procedural background and applicable law, assuming familiarity with those matters for purposes of this decision.

In her objections, Plaintiff argues that the Report-Recommendation: (1) erroneously rejected Plaintiff's challenge to the ALJ's RFC determination on the basis that Plaintiff did not identify "any specific limitations the ALJ failed to include in his RFC determination," (Dkt. No. 13, at 2–3; *see* Dkt. No. 12, at 7 (Report-Recommendation citing caselaw indicating that remand is not warranted when a plaintiff does not identify the limitations an ALJ failed to include in an

RFC determination and finding that Plaintiff "ha[d] not identified any specific limitations the ALJ failed to include in his RFC determination" (citing *Sarah Ann Z. v. Comm'r of Soc. Sec.*, No. 19-cv-01110, 2021 WL 1206516, at *4, 2021 U.S. Dist. LEXIS 62440, at *11 (W.D.N.Y. Mar. 31, 2021))); (2) failed to address Plaintiff's "primary argument," namely that the ALJ did not incorporate certain limitations into the RFC after deeming persuasive medical opinions (or portions thereof) identifying those limitations, (*see* Dkt. No. 13, at 2–3; *see also* Dkt. No. 7, at 13–16); and (3) erred in finding that the ALJ properly evaluated Plaintiff's subjective statements of disabling symptoms, (*see* Dkt. No. 13, at 8–9).

**1. RFC Determination (Objections 1 and 2)**

To the extent Magistrate Judge Freedman recommends a finding that remand is not warranted on the ground that Plaintiff failed to identify the limitations that were omitted from the RFC, the Court disagrees. In her original brief, Plaintiff identified a number of limitations from the medical opinions the ALJ deemed persuasive or somewhat persuasive but did not include in Plaintiff's RFC. For example, Plaintiff asserted that despite finding the opinion of psychiatric consultative examiner Amanda Slowik, Psy.D., "persuasive," the ALJ failed to account for Slowik's finding that Plaintiff had a moderate to marked limitation in sustaining an ordinary routine and regulating emotions. (Dkt. No. 7, at 14; *see* R. 24). Plaintiff also cited the opinions of psychiatric examiner James K. Ellis, Ph.D., and treating Nurse Practitioner Jacqueline Ponticiello, and argued that the ALJ, despite finding their opinions "somewhat persuasive," failed to incorporate their findings of moderate to marked limitations in the RFC in several areas, including in the ability to interact with the public, sustain an ordinary routine without supervision, perform at a consistent pace without rest periods of unreasonable length or frequency, and ask simple questions or request assistance. (Dkt. No. 7, at 14; *see* R. 25–26). Thus, Plaintiff sufficiently "identif[ied] [certain] evidence in the record [in an effort to] satisf[y]

[the] burden to prove more restrictive limitations than those already included in the RFC." *See Sarah Ann Z.*, 2021 WL 1206516, at *4, 2021 U.S. Dist. LEXIS 62440, at *11.

Plaintiff argues the Report-Recommendation failed to address the argument she raised in her initial brief: that the ALJ's RFC determination failed to incorporate the limitations identified in the medical opinions the ALJ deemed "persuasive" or "somewhat persuasive" and requests that the Court consider this argument in the first instance. (Dkt. No. 13, at 3). The Commissioner responds that Plaintiff's argument is an impermissible plea that the Court re-weigh the evidence. (Dkt. No. 14, at 3). The Court addresses Plaintiff's argument de novo.[6]

An "ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence." *See Marrero v. O'Malley*, No. 22 Civ. 7982, 2024 WL 1435923, at *13, 2024 U.S. Dist. LEXIS 27015, at *37–38 (S.D.N.Y. Feb. 14, 2024) (quoting *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022)), *report-recommendation adopted*, 2024 WL 1328382, at *11, 2024 U.S. Dist. LEXIS 58188, at *27 (S.D.N.Y. Mar. 28, 2024); *see also Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). And "[t]he ALJ may, in reconciling conflicting evidence, reject portions of a medical opinion and accept other portions of that same opinion." *Lawrence W. v. Comm'r of Soc. Sec.*, No. 17-cv-0877, 2018 WL 4509490, at *7, 2018 U.S. Dist. LEXIS 159514, at *19 (N.D.N.Y. Sept. 18, 2018) (quoting *Bleil v. Colvin*, No. 3:15-CV-1492, 2017 WL 1214499, at *6, 2017 U.S. Dist. LEXIS 48753, at *18 (N.D.N.Y. Mar. 31, 2017)).

Still, the "ALJ must 'reconcile discrepancies between his RFC assessment and medical source statements'"—"[w]hen the RFC conflicts with a medical opinion, an ALJ must 'explain

[6] It appears that the Report-Recommendation approached the issue of the ALJ's RFC determination broadly; it did not discuss this argument specifically.

why the opinion was not adopted.'" *See Marita K. v. Comm'r of Soc. Sec.*, No. 21-CV-00592, 2023 WL 5368494, at *3, 2023 U.S. Dist. LEXIS 147484, at *9 (W.D.N.Y. Aug. 22, 2023) (alteration adopted) (quoting *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006)); *see also Andino v. Saul*, No. 1:18-CV-00379, 2019 WL 4621878, at *4, 2019 U.S. Dist. LEXIS 163400, at *11–12 (W.D.N.Y. Sept. 24, 2019) (collecting cases).

Under the applicable regulations, the ALJ must consider all medical opinions in the record and, as to each, articulate how he considered them. *See Nunez v. Comm'r of Soc. Sec.*, 164 F.4th 60, 73–74 (2d Cir. 2025); (R. 24 (ALJ decision noting same and citing 20 C.F.R. § 416.920c)). Likewise, where the "ALJ credits only portions of a medical source opinion, [he] must explain why other portions of the opinion were rejected." *Lawrence W.*, 2018 WL 4509490, at *7, 2018 U.S. Dist. LEXIS 159514, at *20 (quoting *Bleil*, 2017 WL 1214499, at *6, 2017 U.S. Dist. LEXIS 48753, at *18). "Failure to provide an explanation requires remand." *Marita K.*, 2023 WL 5368494, at *3, 2023 U.S. Dist. LEXIS 147484, at *10 (citing *Lawrence W.*, 2018 WL 4509490, at *8, 2018 U.S. Dist. LEXIS 159514, at *20).

Here, the RFC determination limited Plaintiff to simple, routine, repetitive work, with occasional interaction with coworkers and supervisors, but only incidental interaction with the public, in "a low stress job" with "only occasional decision making, changes in the work setting, and judgment required on the job." (R. 21). This determination accounts for the moderate limitations Slowik found regarding Plaintiff's abilities in the areas of concentration and persistence and social interactions. *See Marrero*, 2024 WL 1435923, at *4, 7, 13, 2024 U.S. Dist. LEXIS 27015, at *12–13, 19–20, 39 (RFC determination including, *inter alia*, simple, routine tasks; low stress work; occasional interaction with public and co-workers, was "consistent with" opinion finding "moderate limitations" in ability to "make simple work-related decisions" and

"be aware of hazards and take appropriate precautions"); (*see also* Dkt. No. 12, at 7–8 n.5 (concluding that RFC accounted for "moderate" limitations in "concentrating, persisting, or maintaining pace" by limiting Plaintiff to "simple, routine, and repetitive tasks")). Plaintiff argues, however, that because Ellis and Ponticiello identified more severe (moderate to marked) limitations in several areas of concentration and persistence and social interaction, and because such limitations are inconsistent with the RFC (and Slowik's opinion), the ALJ should have explained why he rejected this aspect of Ponticiello's opinion and the RFC, therefore, is not supported by substantial evidence. (Dkt. No. 19, at 3 (citing Dkt. No. 7, at 13–15)). The Court disagrees.

While the ALJ expressly found the *marked* limitations Ponticiello identified were not supported by the record, the ALJ made no specific finding as to the remainder of her opinion, stating only that it was "somewhat persuasive."[7] (R. 25–26). But given the ALJ's explanation, including his discussion of Plaintiff's daily activities, citation of the examination note indicating intact attention and concentration, and description of Plaintiff's positive interactions with medical providers, the Court finds substantial evidence supports the ALJ's implicit finding that Plaintiff's limitations in the areas of concentration and persistence and social interaction were moderate. This finding is consistent with Slowik's opinion, which the ALJ deemed persuasive. Moreover, as stated, it is the ALJ's job to weigh the record evidence and make such findings. *See Marrero v. O'Malley*, No. 22 Civ. 7982, 2024 WL 1435923, at *13, 2024 U.S. Dist. LEXIS 27015, at *37–38 (S.D.N.Y. Feb. 14, 2024) (an "ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as it is supported by substantial evidence" (quoting *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022)), *report-recommendation adopted*,

---

[7] The ALJ's assessment of the Ellis opinion is similar. (R. 25).

2024 WL 1328382, at *11, 2024 U.S. Dist. LEXIS 58188, at *27 (S.D.N.Y. Mar. 28, 2024); *see also Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).

However, the Court agrees with Plaintiff that medical opinion evidence the ALJ found persuasive (or somewhat persuasive) uniformly indicates a moderate to marked limitations in the areas of sustaining and ordinary routine without supervision or in sustaining an ordinary routine and regulating emotion. (*See* R. 400 (Slowik opining Plaintiff's "ability to sustain ordinary routine and regulate emotions is moderately to markedly limited"), R. 460 (Ellis opining that Plaintiff has "marked limitations" in sustaining an ordinary routine without supervision"),[8] R. 552 (Ponticiello opining that Plaintiff has "moderate to marked limitations" in her ability to sustain an ordinary routine without supervision)).[9] Further, it is not clear that the ALJ accounted for this limitation in the RFC. The VE testified that an individual with the RFC the ALJ included in his hypothetical question, which is the RFC that the ALJ ultimately found, could perform work in the national economy, including work as a packer, kitchen helper, or laundry attendant. (R. 53). But the VE also testified that if that individual had, in addition to the limitations in the RFC, either a moderate to marked limitation in sustaining an ordinary routine without supervision or a moderate to marked limitation in sustaining an ordinary routine and regulating emotion, that individual would be precluded from working any of the jobs identified. (R. 54–55).

To be sure, the ALJ may have been entitled to reject the opinions regarding Plaintiff's ability to sustain an ordinary routine and regulate emotions by analyzing the pertinent factors,

---

[8] Although the ALJ found the record did not support "the level of limitation" (i.e., marked) in the area or category of concentration and persistence, in which sustaining an ordinary routine is a sub-category, the ALJ otherwise found the Ellis opinion "somewhat persuasive." (R. 25). Because the only opinion the ALJ found "persuasive," was Slowik's, who found Plaintiff "moderately to markedly limited" in sustaining an ordinary routine, (R. 24), the Court has no basis for concluding the ALJ's determination of Plaintiff's limitation in sustaining an ordinary routine was anything less that moderate to marked.

[9] The ALJ did not acknowledge this particular finding in discussing Ponticiello's opinion.

including supportability and consistency, and providing a sufficient explanation. *See Marita K.*, 2023 WL 5368494, at *4, 2023 U.S. Dist. LEXIS 147484, at *13. But here, despite recounting in detail other medical evidence in formulating the RFC, and, as discussed, explaining why he did not find the "marked" limitations Ponticiello identified and the "level" of limitation Ellis identified to be supported by the record, the ALJ provided no explanation for excluding Slowik, Ellis, and Ponticiello's opinions regarding Plaintiff's limitations in sustaining an ordinary routine without supervision or sustaining an ordinary routine and regulating emotions, which were, per their opinions, at least moderate to marked. Although "a lack of explanation is not error where the reviewing court can determine the underlying rationale," *See Lawrence W.*, 2018 WL 4509490, at *8, 2018 U.S. Dist. LEXIS 159514, at *21 (citing *Barringer v. Comm'r of Soc. Sec.*, 358 F. Supp. 2d 67, 78 (N.D.N.Y. 2005)), that is not the case here; any attempt to determine the underlying rational would be speculation.

"Because this Court cannot determine the ALJ's underlying rationale and it is not clear from the ALJ's decision why certain opinions of" Slowik, Ellis, and Ponticiello—whose opinions the ALJ found persuasive or somewhat persuasive—"were not adopted, the RFC is not supported by substantial evidence." *See Lawrence W.*, 2018 WL 4509490, at *8, 2018 U.S. Dist. LEXIS 159514, at *23; *see also Marita K.*, 2023 WL 5368494, at *4, 2023 U.S. Dist. LEXIS 147484, at *12–13; *Dioguardi*, 445 F. Supp. 2d at 297.

**2. Subjective Statements of Disabling Symptoms (Objection 3)**

Plaintiff objects to Magistrate Judge Freedman's finding that the ALJ properly discounted Plaintiff's statements regarding the severity of her impairments by relying on Plaintiff's activities of daily living and management of her symptoms with conservative treatment. (Dkt. No. 13, at 8–9). As the Court is remanding for consideration and explanation of the persuasiveness of the medical opinion evidence, Plaintiff's statements regarding the severity

of her impairments should also be reconsidered in light of the opinion evidence and the record as a whole.

Accordingly, the Court remands this matter to the Commissioner for further proceedings.

## VI. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 12) is **REJECTED**; and it is further

**ORDERED** that the decision of the Commissioner is **VACATED** and the matter is **REMANDED** pursuant to sentence four of 28 U.S.C. § 405(g) for further proceedings.

**IT IS SO ORDERED.**

Dated: September 30, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge